76 F.3d 391
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randall WYNN, Plaintiff-Appellant,
v.
Robert McMANUS, Sheriff at Lane County; Benjamin
Sunderland, Captain in charge of the Lane County
Sheriff's Department; Lane County Adult
Correctional Facility; Lane
County, Defendants-Appellees.
 No. 95-35466.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 26, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randall Wynn, a federal prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging an infringement of his free exercise of religion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a grant of summary judgment de novo. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 4
 Wynn contends that the district court erred by concluding that he had failed to establish that defendants substantially burdened the free exercise of his religion. This contention lacks merit.
 
 
 5
 Prisoner's claims that conduct by prison officials infringes on their free exercise of religion are to be analyzed under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4 ("RFRA"). Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995). Under RFRA, a prisoner is required to show that the conduct in question substantially burdens their exercise of religion. Id. "In order to show a free exercise violation using the 'substantial burden' test, 'the religious adherent ... has the obligation to prove that a governmental [action] burdens the adherent's practice of his or her religion ... by preventing him or her from engaging in conduct or having a religious experience which the faith mandates.' " Id. (citations omitted; ellipses and brackets in original).
 
 
 6
 Here, Wynn argued that the prison policy requiring prisoners to sign up to attend religious services, and only allowing the first five prisoners from each dormitory who signed up to attend these services, substantially burdened his free exercise of religion. Although Wynn stated in a sworn declaration that he was only able to attend religious services one Sunday every five weeks under this system, he failed to establish that any tenet of his religious faith mandated attendance at services every Sunday.
 
 
 7
 Accordingly, the district court did not err by concluding that Wynn failed to establish that prison officials substantially burdened his free exercise of religion. See id. at 949-50.
 
 
 8
 Wynn also contends that the district court erred by failing to grant his motion to strike defendants' reply to Wynn's opposition to defendant's cross-motion for summary judgment as well as Wynn's motion for sanctions for filing the reply. Because defendants' reply was filed in accordance with a local rule, the district court did not err by failing to strike the pleading. See Dist.Court of Oregon Local Rule 220-3(b). For similar reasons, the district court did not abuse its discretion by refusing to award Wynn sanctions. See Larez v. Holcomb, 16 F.3d 1513, 1521 (9th Cir.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Wynn's motion to waive the requirement of grey covers for his reply brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3